**Affirmed as Modified; Opinion Filed May 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01481-CR
No. 05-14-01482-CR

**BRANDON DEON WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-20826-T, F14-57522-T**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Brandon Deon Williams was convicted, following the adjudication of his guilt, of theft enhanced by two prior theft convictions. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2014). He was also convicted of a new credit card abuse offense. *See* TEX. PENAL CODE ANN. § 32.31(b)(1)(A) (West 2011). In each case, the trial court assessed punishment at one year's confinement in a state jail. On appeal, appellant's attorney filed a brief in which he concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573

S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals.

Although not an arguable issue, we note the trial court's judgment in cause no. 05-14-01482-CR incorrectly identifies the statute for the offense as "32.21 Penal Code." Appellant was convicted of credit card abuse under section 32.31 of the Texas Penal Code. Accordingly, we modify the judgment to show the statute for the offense is "32.31 Penal Code." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

In cause no. 05-14-01481-CR, we affirm the trial court's judgment adjudicating guilt. In cause no. 05-14-01482-CR, we affirm the trial court's judgment as modified.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
141481F.U05

-2-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRANDON DEON WILLIAMS,
Appellant

No. 05-14-01481-CR       V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F12-20826-T).
Opinion delivered by Justice Evans,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **AFFIRMED**.

Judgment entered this 27th day of May, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

BRANDON DEON WILLIAMS,
Appellant

No. 05-14-01482-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F14-57522-T).
Opinion delivered by Justice Evans,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "32.31 Penal Code."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this May 27th, 2015.